**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICENTE MANUEL GARCIA, | |
| Petitioner, | No. 2:08 CV 0006 AWT |
| v. | ORDER DISMISSING COMPLAINT |
| ROCHE, et al., | |
| Respondents. | |

## Background

Vicente Manuel Garcia is a prisoner in the custody of the California Department of Corrections, currently incarcerated at the California Correctional Institution at Tehachapi. He was formerly incarcerated at High Desert State Prison ("HDSP"). Garcia brought this action *pro se* under 42 U.S.C. § 1983 against five members of the medical staff and a correctional counselor at HDSP in their

individual capacities.  Garcia brings claims of deliberate indifference to medical needs in violation of the Eighth Amendment against all defendants and claims of due process violations in the administration of prison grievance procedures against the correctional counselor, M. Dangler.  Specifically, Garcia, who is a Type I diabetic, alleges that the treatment for his condition provided to him at HDSP was inadequate to his particular needs and cites several incidents in support of this claim.  He also alleges that the grievance process available to him at HDSP represents a denial of his right to due process.  He seeks damages and injunctive relief.

## Discussion

The court is required to screen complaints brought by prisoners seeking relief against a governmental officer or employee.  28 U.S.C. § 1915A(a).

The basis of Garcia's Eighth Amendment claim is that the medical staff at HDSP did not pursue what he believes to be the appropriate treatment regimen for his diabetes.  According to the complaint, the diabetes treatment at HDSP is the same for all patients and consists of two insulin injections and two blood-sugar checks a day, whereas Garcia needs three to four injections and four to six blood-sugar checks a day, as well as a diabetes-appropriate diet.  (Compl. 3-4, ¶ 10.)  Ordinarily, a "difference of opinion between a prisoner-patient and prison medical

authorities regarding treatment does not give rise to a § 1983 claim," *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981), unless the "chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to the prisoner's health," *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2006) (quotation marks, citation, and formatting omitted).

 Garcia has not alleged facts that would show that the treatment given to him was "medically unacceptable" to a degree that would constitute "cruel and unusual punishment" under the Eighth Amendment. He also has not alleged that such treatment was chosen in conscious disregard of an excessive risk to his health; on the contrary, he admits that it is the product of standard practices at HDSP. (Compl. 4, ¶ 10.)

 Additionally, the Complaint fails to describe a specific injury to Garcia that resulted from the treatment provided to him at HDSP. He claims that his current treatment is destabilizing his blood sugar and causing a general deterioration in his health, including neurological symptoms, but he neither describes a causal connection between these symptoms and the treatment he has received nor explains how the course of treatment he requests would ease those symptoms. But no claim is validly alleged, unless there is a causal link between the alleged actions or

inactions of HDSP medical staff and a specific injury to plaintiff.  *See WMX Techs v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)*; McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*.

     Finally, Garcia fails to allege a due process claim because a prisoner does not have a liberty interest in prison grievance procedures that is protected under the Fourteenth Amendment.  *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  Given that Garcia has no liberty interest at stake, it would be futile to amend this claim.

     Thus, because the complaint fails to state a claim upon which relief may be granted, *see* F. R. Civ. P. 12(b)(6), Garcia's complaint must be dismissed under 28 U.S,.C. § 1915A(b)(1).  Because, however, Garcia is a *pro se* litigant, he is entitled to an opportunity to amend his complaint prior to final dismissal, if the court determines that the complaint's deficiencies could be cured by the allegation of additional facts.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  As discussed above, it may be possible to amend the Eighth Amendment claim if plaintiff is able, in good faith, to allege:  (1) that the treatment given to him was so egregious as to constitute cruel and unusual punishment, (2) that it was given to him by prison staff in conscious disregard of the excessive risk it would pose to his health, <u>and</u> (3) that he has suffered a specific injury that is caused by the

action or inaction of medical staff. Thus, Garcia will be given leave to amend his Eighth Amendment claim. He will not, however, be given leave to amend his due process claim, for the reasons stated above.

## Conclusion

Upon review, pursuant to § 1915A(b)(1), the court determines that the complaint fails to state a claim upon which relief may be granted under federal law, but that plaintiff should be granted limited leave to amend his complaint. Accordingly,

**IT IS ORDERED:**

1. The complaint is **DISMISSED** and plaintiff is granted 30 days' leave to amend his complaint to the extent set forth above.

2. The action is **DISMISSED** as against defendant M. Dangler.

3. If an amended complaint is not timely filed, the action shall be dismissed with prejudice.

Dated: September 7, 2010.

                                             /s/ A. Wallace Tashima
                                         A. WALLACE TASHIMA
                                         United States Circuit Judge
                                         Sitting by designation.