IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICENTE MANUEL GARCIA,

    Plaintiff,                    No. 2:08 CV 0006 AWT

    vs.                                <u>ORDER</u>

ROCHE, et al.,

    Defendants.

_____/

      Plaintiff moves for appointment of counsel pursuant to 28 U.S.C. § 1915. In support of his motion, Plaintiff says that he cannot afford to hire an attorney; that his imprisonment limits his ability to litigate the case; that the issues involved in the case are "complex"; and that he has little knowledge of the law. *See* Doc. 40 at 3-4.

      Under 28 U.S.C. § 1915(e)(1), courts "may request an attorney to represent any person unable to afford counsel." There is no constitutional right to appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

      To determine whether exceptional circumstances exist, courts must evaluate the likelihood of success on the merits as well as Plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal quotation marks omitted).

      Having considered both elements, the Court concludes that it would not be in the interest of justice to appoint an attorney to represent Plaintiff in this matter. The Court finds that the facts alleged and issues raised in Plaintiff's Section 1983 complaint are not of substantial

complexity and that Plaintiff has demonstrated sufficient writing ability and legal knowledge to articulate his claims.  *See Terrell*, 935 F.2d at 1017 (denial of motion for appointment of counsel upheld where, along with the unlikelihood of success on the merits, plaintiff demonstrated sufficient ability to articulate claim and the complexity of facts and issues was not substantial). Accordingly, the Court will not appoint counsel to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1) at this time.

  IT IS HEREBY ORDERED that Plaintiff's Motion For Assignment Of Counsel (Doc. 40) is DENIED without prejudice.

DATED this 6th day of December, 2011.

_____
A. Wallace Tashima
United States Circuit Judge
Sitting by Designation